Johnita M. Dorsey, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

480 

Argued March 5, 1979, before Judges Wilkinson, Jr., Mencer and Blatt, sitting as a panel of three.

*Michael L. Kaliner*, with him *Dianne Upson*, for petitioner.

*William Kennedy*, Assistant Attorney General, for respondent.

Opinion by Judge Wilkinson, Jr., April 3, 1979:

This is an appeal by Petitioner (claimant) from a decision of the Unemployment Compensation Board of Review (Board) finding that the claimant was ineligible for benefits pursuant to Section 401(d) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Special Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §801(d). We affirm.

Claimant seeks benefits for a period during which she was on a pregnancy leave of absence from her position as a service representative with Bell Tele-

phone Company of Pennsylvania. The record is clear that she elected to take a pregnancy leave earlier than she anticipated because no less strenuous work was available to her and because had she continued working at less hours she would have been placed on part-time status with no guarantee she would return to full-time status at the end of her pregnancy leave.

Claimant's application for benefits was denied by the Bureau of Employment Security (Bureau) under Section 401(d). At the referee's hearing the following documents were introduced: Summary of Interview and Identification Questionnaire forms wherein claimant indicated that due to her pregnancy she was unavailable for full-time work; and a Doctor's Request for Certification wherein claimant's physician stated claimant was unable to accept gainful employment during her pregnancy because of a history of back ailment. Claimant objected to the Doctor's Certification as hearsay. The referee overruled the objection, but awarded benefits based on claimant's testimony that she was available for work and that she was not advised by her physician not to work. On appeal the Board disallowed benefits based upon the following pertinent finding of fact:

> During the period in question the claimant was medically unable to accept gainful employment due to pregnancy and a history of treatment for a back ailment. The claimant will not be medically able to accept employment until after the delivery of her child.

The issue here is whether a physician's written report of a claimant's medical inability to work may constitute evidence to support a finding of the Board. Claimant contends the physician's statement is hearsay and under the rule enunciated in *Walker v. Unemployment Compensation Board of Review,* 27 Pa. Com-

monwealth Ct. 522, 367 A.2d 366 (1976) could not, standing alone, support the Board's finding. We must conclude, however that the physician's statement, although hearsay as such, was admissible under the recognized rule of representative admissions. For example, under this rule it has been held that admissions by counsel are admissible in court proceedings with the same force and effect as if they had been made by the client himself where counsel is acting within the scope of his express or implied authority to so act. *See e.g., Fessman Estate,* 386 Pa. 447, 126 A.2d 676 (1956). Here, the claimant testified that she took the Doctor's Certification form to her physician to complete and return to the Bureau. The claimant further testified on direct examination by her counsel as to what her physician told her at that time, namely that she was not specifically told that she could not work. Thus, the record discloses that claimant was given a full opportunity to detail the facts surrounding the submission and preparation of the physician's report. Under these circumstances we conclude that the Doctor's Certification form was properly admitted and could constitute competent evidence to support the Board's finding.

This Court has frequently held that the determination of availability, including whether medical restrictions render a claimant unavailable to accept suitable work, is largely a question of fact for the Board. *Unemployment Compensation Board of Review v. Smith,* 25 Pa. Commonwealth Ct. 471, 360 A.2d 833 (1976). Here, the physician's report, as well as other Bureau documents, juxtaposed against claimant's testimony at the referee's hearing raised a genuine issue of fact for the Board. Having found the Board's resolution of this conflict is supported by competent evidence, this Court is bound by its determination.

Accordingly, we will enter the following

ORDER

AND Now, April 3, 1979, the order of the Unemployment Compensation Board of Review at Decision No. B-145899-B, dated August 12, 1977, is hereby affirmed.