635 A.2d 666

ESTATE OF Truman I. FELLS, Jr. by Kimberly C. BOULDING, Adx., Petitioner,

v.

UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 3, 1993.

Decided Dec. 15, 1993.

Reargument Denied Feb. 11, 1994.

494

495

496

Allen H. Smith, for petitioner.

No appearance for respondent.

Robert J. Goduto, for intervenor Caterpillar, Inc.

Before PALLADINO and FRIEDMAN, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The estate of Truman I. Fells, Jr. (Fells) appeals from an order of the Unemployment Compensation Board of Review (UCBR) denying his petition for unemployment benefits. We affirm.

Fells worked for Caterpillar, Inc. (Employer) for more than twenty years in various positions including materials handler and tow truck driver. Because of medical restrictions placed upon him by his treating physician, Perry Eagle, M.D., Employer transferred Fells to a Shop Helper I position.[1] Between April 26, 1991 and May 24, 1991, Dr. Eagle decreased Fells' restrictions allowing him to perform a wider range of tasks, including that of a forklift operator. Michael Zittle, D.O., head of Employer's medical department, reviewed Dr. Eagle's conclusions and performed a physical examination on Fells. Ultimately, Dr. Zittle concurred with Dr. Eagle's conclusions that Fells could perform the position of a forklift operator.

1. This light duty position required Fells to assemble small parts and to operate sprayers.

On June 7, 1991, Fells' supervisor instructed Fells to operate a forklift. Fells attempted to get onto the forklift cab, but said he could not because of numbness in his left leg and pain in his back and hip. Several days later, Fells again attempted to get into the forklift cab, but allegedly could not and fell backwards from the forklift onto the floor.[2] Employer, believing Fells had "feigned the fall," terminated his employment on the basis he had deliberately refused to perform a job for which he was medically approved.

Fells applied for benefits which the Office of Employment Security granted, but on appeal the referee found Fells ineligible under Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. 1937 (2897), *as amended,* 43 P.S. § 802(e).[3] Fells appealed the denial of benefits to the UCBR which initially reversed the referee but, upon reconsideration, it denied Fells' benefits. This appeal followed.[4]

Fells argues that: (1) the UCBR's findings are not supported by substantial evidence; (2) the UCBR erred as a matter of law in holding Fells' conduct rose to a level of willful misconduct; (3) the UCBR improperly excluded relevant, material evidence concerning Fells' union contract; and, in the alternative, (4) a remand is necessary because the UCBR did not set forth specific facts or conclusions addressing the issue of good cause.

Whether an employee's conduct rises to the level of willful misconduct is a question of law subject to our review. *Luzerne v. Unemployment Compensation Board of Review,* 148 Pa.Commonwealth Ct. 473, 611 A.2d 1335 (1992). Willful misconduct is a:

2. Employer offered Fells medical assistance which he declined.

3. This section provides that an employee shall be ineligible for compensation for any week in which his unemployment is due to willful misconduct connected with his work.

4. Our scope of review is limited to a determination of whether constitutional rights have been violated, whether an error of law has been committed and whether factual findings necessary to support the adjudication are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

wanton and willful disregard of an employer's interest, a deliberate violation of rules, a disregard of standards of behavior which the employer can rightfully expect from its employee, or negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations.

*Metropolitan Edison v. Unemployment Compensation Board of Review*, 146 Pa.Commonwealth Ct. 648, 653, 606 A.2d 955, 957 (1992) (citing *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa.Commonwealth Ct. 90, 309 A.2d 165 (1973)). Once a prima facie case of willful misconduct is established, the burden of proof shifts to the claimant to prove that, under the facts of a particular case, his conduct does not constitute willful misconduct or that he had good cause for his actions. *Ragland v. Unemployment Compensation Board of Review*, 59 Pa.Commonwealth Ct. 48, 428 A.2d 1019 (1981). Good cause is established "where the action of the employee is justified or reasonable under the circumstances." *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 87, 351 A.2d 631, 634 (1976).

■ Fells argues that the UCBR's finding that he was medically qualified to operate the forklift is not supported by substantial evidence but based on inadmissible hearsay. We do not agree.

Employer's plant physician, Dr. Zittle, corresponded with Fells' treating physician, Dr. Eagle, about Fells' ability to perform the forklift operator position. At the hearing before the referee, Dr. Zittle read a portion of a letter from Dr. Eagle into the record. The letter itself was admitted into evidence. Fells objected to Dr. Zittle's testimony and the admission of the letter into evidence as hearsay.

■ Hearsay evidence, properly objected to, is not competent evidence to support a finding of the UCBR. However, hearsay evidence, admitted without objection, will be given its natural and probative effect and may support a finding, if

corroborated, by any competent evidence of the record. *See Walker v. Unemployment Compensation Board of Review,* 27 Pa.Commonwealth Ct. 522, 367 A.2d 366 (1976). However, the *Walker* rule need not be considered if evidence is admissible under an exception to the hearsay rule. *Drs. William and James Katsur Associates v. Unemployment Compensation Board of Review,* 97 Pa.Commonwealth Ct. 332, 509 A.2d 926 (1986). One such exception is the "rule of representative admissions." Under that exception to the hearsay rule, statements made by an agent, employee or other representative of a party to the litigation are admissible as evidence if the representative had express or implied authority to make them. *See DeFrancesco v. Western Pennsylvania Water Co.,* 329 Pa.Superior Ct. 508, 478 A.2d 1295 (1984).[5]

In *Dorsey v. Unemployment Compensation Board of Review,* 41 Pa.Commonwealth Ct. 479, 399 A.2d 809 (1979), we held that a doctor's medical report, although hearsay as such, was admissible under the rule of representative admissions where the claimant is given full opportunity to detail facts surrounding submission and preparation of the report.

While the letter read into the record here is hearsay, the rule of representative admissions applies because the referee gave Fells ample opportunity to explain the circumstances surrounding Dr. Eagle's report, including his belief that his physician had "misunderstood" his medical condition. Further, Dr. Eagle's letter does not represent uncorroborated hearsay evidence because, Dr. Zittle testified that he actually had the opportunity to examine Fells during the period between May 1991 and June 1991. Dr. Zittle specifically testified that his opinions were *not* based exclusively upon Dr. Eagle's reports, but rather, his opinions were based upon his personal knowledge of Fells and his actual physical examinations. As such, the testimony is substantial competent evi-

5. For the complete rules regarding the representative admissions exception to hearsay, *see 2 McCormick on Evidence,* § 259 (4th Ed.1992); Packel & Polin, *Pennsylvania Evidence* § 805.3 (1987).

dence which was properly relied upon by the UCBR.[6]

Fells also argues that the UCBR's finding that his fall from the forklift was feigned is also not supported by substantial evidence.[7] Fells points to the discrepancy in the testimony between witnesses as to whether he feigned the fall or not.

The UCBR, as ultimate fact-finder, is empowered to resolve conflicts in evidence, to determine the weight accorded the evidence and to determine the credibility of witnesses. *Peak.* The UCBR merely chose to credit the testimony of one witness over another regarding the authenticity of Fells' fall from the forklift, a function within the scope of its powers.

Fells also raises the issue that his acceptance of the forklift operator position would have violated his union contract and, therefore, the referee erred in excluding evidence concerning terms of his union contract. We do not agree.

In *Unemployment Compensation Board of Review v. Homsher*, 21 Pa.Commonwealth Ct. 576, 347 A.2d 340 (1975), the UCBR relied upon Section 402(e) of the Law in denying benefits to a claimant who refused to train other employees because this act would have violated his union contract and shop rules. Citing *D'Amato v. Unemployment Compensation Board of Review*, 196 Pa.Superior Ct. 76, 173 A.2d 680 (1961), we stated that:

> The principle objective of the Unemployment Compensation Law is to alleviate economic distress in individual cases. [Citation omitted.] The law is not designed or intended to implement or to impede collective bargaining unions and employers. Section 402(d) renders ineligible any employe whose unemployment is due to voluntary suspension of work

**6.** *Cf. Brady v. Unemployment Compensation Board of Review,* 115 Pa.Commonwealth Ct. 221, 539 A.2d 936 (1988) (in order for the representative admissions exception to the hearsay rule to apply, the statement must be made against the interest of the party).

**7.** Substantial evidence is deemed as such relevant evidence as a reasonable person would deem adequate to support the conclusion reached. *Peak v. Unemployment Compensation Board of Review,* 509 Pa. 267, 501 A.2d 1383 (1985).

resulting from a labor dispute. It logically follows that an individual who refuses unemployment on the grounds of violation of his union's contract by the employer could not be entitled to benefits, as he is, in effect, involving himself in a one man labor dispute with the employer. As a member of the union he has delegated his bargaining rights concerning wage scales to the union. Any remedial action deemed necessary for violation of the collective bargaining agreement is the sole concern of the union and its collective membership. It is not within the jurisdiction of the unemployment compensation authorities to render decisions concerning violations of collective bargaining agreements.

*Homsher*, 21 Pa.Commonwealth Ct. at 579–580, 347 A.2d at 342. Therefore, we hold that the UCBR correctly excluded consideration of Fells' union contract.

 Finally, Fells argues that this case must be remanded because the UCBR failed to make specific findings on the issue of good cause. Again, we disagree.

 Where nothing in the record indicates that claimant's actions were reasonable or justifiable under any circumstances, the UCBR does not err where it concludes that a claimant's conduct constitutes willful misconduct, even if it does not set forth specific fact findings and conclusions of law on the issue of good cause. *See Brady; Maikits v. Unemployment Compensation Board of Review,* 72 Pa.Commonwealth Ct. 491, 456 A.2d 1157 (1983). In the present case, the record is devoid of any objective reasons why Fells could not have performed the forklift operator position. Even where Fells believed the operation of the forklift would have violated his union contract, such belief does not provide good cause for refusing Employer's reasonable request. *Homsher.*[8]

Accordingly, we affirm.

8. Fells also argues that the UCBR erred in denying him benefits, because he was not licensed to operate a forklift. Fells did not assert a lack of a license as the reason why he could not perform the forklift operator job at the hearing before the referee. An unemployment compensation claimant waives review of an issue by failing to raise it before the referee when he has an opportunity to do so. *Dehus v.*

## ORDER

AND NOW, this 15th day of December, 1993, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

FRIEDMAN, Judge, dissenting.

I respectfully dissent because I disagree with the majority that Dr. Eagle's letter to Dr. Zittle falls within any exception to the rule against hearsay. I do not believe that the letter was a representative (vicarious) admission. A statement is not admissible as a vicarious admission unless there is a principal-agent relationship *and* the person making the statement was authorized to speak for the principal. *DeFrancesco v. Western Pennsylvania Water Co.*, 329 Pa.Superior Ct. 508, 478 A.2d 1295 (1984). Claimant and Dr. Eagle did not have a principal-agent relationship. An agency relationship occurs where the principal has manifested that the agent shall act on his or her behalf, the agent accepts this undertaking and it is understood between the parties that the principal is in control of the undertaking. *Volunteer Fire Company of New Buffalo v. Hilltop Oil Company*, 412 Pa.Superior Ct. 140, 602 A.2d 1348 (1992). This definition does not contemplate or encompass the physician-patient relationship between Claimant and Dr. Eagle.

Additionally, the majority opinion misstates the rule of law developed in *Dorsey v. Unemployment Compensation Board of Review*, 41 Pa.Commonwealth Ct. 479, 399 A.2d 809 (1979) so as to ignore a crucial factual distinction between this case and *Dorsey*. In *Dorsey*, claimant was denied unemployment benefits pursuant to § 401(d) of the Unemployment Compensation Law because her physician noted on a Doctor's Request for Certification form that claimant was medically unable to accept gainful employment. The doctor had filled out the form and returned it to the Bureau of Employment Security at claimant's specific request. This request is what trans-

*Unemployment Compensation Board of Review,* 118 Pa.Commonwealth Ct. 344, 545 A.2d 434 (1988).

formed the physician-patient relationship into that of principal-agent. The majority opinion cites *Dorsey* for the proposition that there is a vicarious admission "where the claimant is given full opportunity to detail facts surrounding submission and preparation of the report." The majority then concludes that Dr. Eagle's opinion was a vicarious admission, reasoning that, because Claimant had the opportunity to explain that he thought Dr. Eagle's opinion was based on a "mix-up," he, like the claimant in *Dorsey,* had a full opportunity to detail the circumstances of his doctor's report. Contrary to the majority's reading of *Dorsey,* I believe it was the Doctor's Certification form *coupled* with claimant's opportunity to detail the facts surrounding the report which rendered it admissible. Here, Dr. Eagle filled out no such form, with or without Claimant's request. For this reason, *Dorsey* should be distinguished from the present case.

After concluding that Dr. Eagle's letter was a vicarious admission, the majority opinion goes on to say that Dr. Zittle's testimony was substantial evidence to support the UCBR's finding even without that portion of Dr. Eagle's letter which Dr. Zittle read into the record. Even if this is correct, I would still vacate and remand the case for a determination of whether Claimant needed a license in order to operate the forklift in question. The majority summarily concludes in footnote 8 that Fells "did not assert a lack of a license as the reason why he could not perform the forklift operator job at the hearing before the referee" and therefore waived this issue. I disagree; to the contrary, there is testimony throughout the hearing before the referee which suggests that Claimant needed a license to operate a forklift and that he did not have one. (R.R. at 49a, 61a–63a, 85a, 87a, 95a).

Employer has the burden of proving willful misconduct. *Hershey v. Unemployment Compensation Board of Review,* 146 Pa.Commonwealth Ct. 255, 605 A.2d 447 (1992). As a matter of law, Employer cannot meet that burden if the alleged "misconduct" arose from the employee's refusal to comply with Employer's request to perform an illegal act. I believe this is correct regardless of whether illegality is in fact the reason why the employee refuses the request. Therefore,

I would vacate the UCBR's order and remand the case for a determination of whether Claimant needed a license in order to operate the forklift.