**Jeanne M. ARBSTER, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Feb. 7, 1997.

Decided March 3, 1997.

Vincent A. DeFalice, Pittsburgh, for appellant.

Gordon S. Johnston, Pittsburgh, for appellee.

Before PELLEGRINI and LEADBETTER, JJ., and SILVESTRI, Senior Judge.

## OPINION

PELLEGRINI, Judge.

Jeanne M. Arbster (Claimant) appeals from a decision of the Unemployment Compensation Board of Review (Board) denying

her benefits under Section 402(e) of the Unemployment Compensation Law (Law).[1]

Claimant was employed as a registered nurse for Forbes Health System (Employer). On March 16, 1996, Claimant's mother was admitted to Forbes Regional Hospital for treatment of a broken leg, broken collar bone and head injuries she sustained in a fall. Claimant's mother had asked Claimant to choose a physician for the treatment of her injuries and gave Claimant permission to assume an active part in the provision of her care while at the hospital. Claimant was not assigned to provide direct care to her mother as part of her employment, and instead, Claimant provided that care when she was off-duty. Additionally, Claimant was informed of her mother's condition, including the results of various medical tests, by her mother's treating physician and had reviewed her mother's medical charts with the treating physician on several occasions.

On four occasions during March, 1996, Claimant accessed information regarding her mother's medical charts, vital signs and test results through Employer's computer system. After Claimant sought to discuss the test results with her mother's treating physician, the treating physician notified Employer that Claimant was accessing confidential information from its computers. After verifying that Claimant had done so, Employer discharged her on April 14, 1996. Claimant subsequently applied for unemployment compensation benefits which were initially denied by the Office of Employment Security, following which Claimant appealed to the Referee.

Before the Referee, Employer introduced the testimony of Rebecca Trumble, its director of personnel services, who was involved in the decision to terminate Claimant's employment. Ms. Trumble testified that Employer has a strict policy regarding the access of confidential information on its computers. She explained that, under Employer's policy, employees may only access patient information on Employer's computer for patients under their care or only as required to perform their duties. Ms. Trumble stated that Employer's policy is set forth in several documents, including its human resources policy and procedure manual, which is made available to all employees at any time, and its employee manual that each employee receives and for which Claimant signed the acknowledgement page stating that she read and understood the manual. Additionally, Ms. Trumble testified that Claimant attended at least one educational class provided by Employer during which its confidentiality policy was discussed and the employees were informed that computer information regarding family members and their own personal information could not be accessed via the computer. Ms. Trumble also testified that the employee manual sets forth Employer's discipline policy which, although providing for progressive discipline, expressly states that a violation of Employer's confidentiality and unauthorized access of information policy would be grounds for immediate discharge. Ms. Trumble stated that several employees had been discharged for unauthorized access of computer information of either themselves or a family member.

Ms. Trumble also explained the reasoning behind Employer's confidentiality policy, stating that, with a large amount of information, Employer must ensure that confidential information is not accessed by someone that the patient does not want to obtain that information. She stated that Employer is never sure whether a patient wishes to have all of his or her medical information known by family members, and therefore, Employer has instituted its stringent policy to ensure that there is no unauthorized release of information. Ms. Trumble further explained that Employer's policy applies only to computerized information and that Claimant could have accessed her mother's written medical records had she obtained written authorization from her mother. Ms. Trumble testified that, although the information contained in

1. Section 402(e) of the Law provides that:
   An employe shall be ineligible for compensation for any week—
   (e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work.
   Act of December 5, 1936, Second Ex.Sess., P.L. (1937) § 2897, *as amended*, 43 P.S. § 802(e).

the written medical records is identical to that on the computer, a patient can never authorize the release of his or her computer files; those files are to be used solely for the performance of an employee's job and not to review family members' medical records.

Claimant testified as to the circumstances leading up to her discharge, stating that her mother had asked her to choose a physician and to regulate her care while hospitalized with Employer.[2] Claimant explained that she had been very involved with her mother's case because she had observed deficiencies in the care provided to her mother. In fact, Claimant testified, she had reviewed all of her mother's medical charts with the treating physician and was fully informed of her mother's medical condition. Claimant admitted to accessing her mother's computerized records on four occasions to obtain information regarding the medicine that she was receiving and her blood pressure. Although she did not have written permission from her mother to access her computer records, and while she was aware of Employer's confidentiality policy, Claimant testified that she thought that the policy did not apply to family members because other employees allegedly had accessed the computers for that information in the past. Additionally, Claimant explained, she did not believe that she could be discharged for a single violation of the policy because Employer followed a progressive disciplinary procedure.

■ At the conclusion of the hearings, the Referee determined that Employer failed to prove that Claimant had engaged in willful misconduct. Citing to the facts that Claimant had access to her mother's medical records with her mother's permission and that the information contained in the computer records was no different than those medical records, the Referee determined that Claimant's conduct was, at most, poor judgment

and not willful misconduct. Employer appealed to the Board which found that Claimant violated Employer's policy regarding the unauthorized access of computer information. Additionally, the Board found that Claimant was aware of Employer's policy, knew of the possible discipline that would follow a violation of that policy, and did not need to access her mother's medical records in order to perform her duties. Concluding that, because Claimant's violation of Employer's rule occurred with respect to her mother did not provide Claimant with good cause for doing so, the Board denied her benefits. Claimant now appeals to this Court.[3]

Claimant first contends that the Board erred in determining that she had engaged in willful misconduct by violating Employer's policy regarding confidential computer records because confidentiality is not a concern in the present case. Claimant argues that, because she had her mother's permission to access her medical records, confidentiality was no longer a concern and Employer had no interest that needed to be protected by its confidentiality policy. Because she would not have acted adversely to Employer's interests, Claimant contends that she could not have engaged in willful misconduct.

■ Despite Claimant's argument, however, the Board did not deny her benefits on the basis that her actions were contrary to Employer's interest. Rather, benefits were denied on the basis that Claimant violated Employer's policy regarding confidentiality and unauthorized access of computer records. A claimant will be ineligible for unemployment compensation if his or her unemployment is the result of willful misconduct by deliberately violating an employer's work rules. *Duquesne Light Co. v. Unemployment Compensation Board of Review*, 167 Pa.Cmwlth. 650, 648 A.2d 1318 (1994).[4] An employer alleging that a claimant has en-

---

**2.** There is no dispute that Claimant's mother gave her permission to review her medical records, and Claimant's mother testified to this fact.

**3.** Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the necessary findings of fact are not supported by substantial evidence in the record. *Evans, Portnoy & Quinn v. Unemployment Com-*

*pensation Board of Review*, 665 A.2d 548 (Pa. Cmwlth.1995).

**4.** Whether a claimant has engaged in willful misconduct is a question of law subject to review by this Court based upon the facts found by the Board. *Duquesne Light Co.*, 648 A.2d at 1320 n. 5.

gaged in willful misconduct by violating its rules or policy bears the initial burden of proving the existence of a reasonable rule or policy and the fact that the claimant violated that rule or policy. *Frigm v. Unemployment Compensation Board of Review,* 164 Pa. Cmwlth. 282, 642 A.2d 629 (1994); *United Refining Co. v. Unemployment Compensation Board of Review,* 661 A.2d 520 (Pa. Cmwlth.1995), *petition for allowance of appeal denied,* 543 Pa. 721, 672 A.2d 312 (1995).

██ In the present case, Employer has established the existence of a reasonable policy and the fact that Claimant violated that policy by accessing her mother's computerized medical records. Employer's director of personnel services, Ms. Trumble, testified that Employer has established a policy regarding confidential information and unauthorized access of computer medical records in order to protect the confidentiality of its patients. Under that policy, employees may only access the computer records for the purposes of performing their job responsibilities. In other words, employees can only obtain computerized medical records of those patients assigned to their care. If, as with Claimant, an employee wishes to obtain the medical records of any other patient in the hospital, then the employee must obtain written permission to do so from that patient. As indicated by Ms. Trumble, the purpose behind this rule is to ensure that medical records that the patient desires to keep confidential remain as such. By admittedly accessing her mother's medical records via Employer's computer, Claimant violated Employer's policy prohibiting that conduct.[5]

Even if she violated Employer's work rule, Claimant contends that she had good cause for doing so, and therefore, her actions do not constitute willful misconduct. Claimant argues that the sole reason she accessed her mother's records was her concern over the allegedly inadequate care and medication

that her mother was receiving. Additionally, because her mother had given her permission to review her medical records and had asked Claimant to oversee her medical care, Claimant contends that she was justified in reviewing the computer records.

██ Once an employer has established that a claimant has violated a reasonable work-rule, the burden then shifts to the claimant to prove that he or she had good cause for violating the rule or policy in question. *United Refining Co. v. Unemployment Compensation Board of Review,* 661 A.2d 520 (Pa.Cmwlth.1995), *petition for allowance of appeal denied,* 543 Pa. 721, 672 A.2d 312 (1995); *Azzari v. Unemployment Compensation Board of Review,* 104 Pa.Cmwlth. 254, 521 A.2d 539 (1987). The claimant must prove that his or her actions were justifiable or reasonable. *Estate of Fells by Boulding v. Unemployment Compensation Board of Review,* 160 Pa.Cmwlth. 493, 635 A.2d 666 (1993), *petition for allowance of appeal denied,* 538 Pa. 651, 647 A.2d 905 (1994). To determine whether the claimant has satisfied this burden of proof, this Court must examine the reasons for the claimant's non-compliance and determine whether he or she acted reasonably under the circumstances. *Metropolitan Edison Co. v. Unemployment Compensation Board of Review,* 146 Pa.Cmwlth. 648, 606 A.2d 955 (1992).

██ Here, Claimant's violation of Employer's policy regarding the confidentiality and unauthorized access of its computerized medical records was not justifiable or reasonable under the circumstances. Although Claimant may have been concerned about the quality of health care being provided to her mother, and even though her mother had given her permission to examine her medical records, the circumstances did not compel Claimant to disregard Employer's rule prohibiting the unauthorized access of medical records via the computer. Even if her moth-

---

5. Claimant also argues that Employer's rule is arbitrary, vague and unevenly applied because she and several of her previous co-workers testified that it was common for employees to access the computers to obtain medical information on family members and other individuals who were not assigned to their care, and that the employees were not discharged for such access. How-

ever, the Board specifically found that Employer is consistent with the application of its confidential information policy and has discharged employees for violating that policy in the past. Because this finding is supported by Ms. Trumble's testimony, we cannot disturb it on appeal. *Duquesne Light Co.,* at 1320 n. 5.

er's treating physician had refused to provide Claimant with the information that she was seeking, which he did not do, there was another avenue available to Claimant by which she could have obtained that information without violating Employer's confidentiality policy: her mother could have given her written authorization to review her written medical records. Having an alternative means of addressing her concerns, Claimant did not have good cause to violate Employer's rule.

Accordingly, the order of the Board denying Claimant unemployment compensation is affirmed.

### ORDER

AND NOW, this 3rd day of March, 1997, the order of the Unemployment Compensation Board of Review at No. B–96–6–D–185, dated September 25, 1996, is affirmed.

