BOROUGH OF GROVE CITY, Petitioner

v.

UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Argued May 8, 2007.

Decided June 6, 2007.

David A. Ristvey, Hermitage, for petitioner.

Paul R. Jordan, Asst. Counsel, Harrisburg, for respondent.

BEFORE: COLINS, Judge,
PELLEGRINI, Judge, FRIEDMAN,
Judge.

OPINION BY Judge FRIEDMAN.

The Borough of Grove City (Borough) petitions for review of the August 16, 2006, order of the Unemployment Compensation Board of Review (UCBR), which reversed the decision of a referee and granted benefits to Michael E. Cooney (Claimant). We reverse.

Claimant was elected tax collector for the Borough, beginning in January 2002, and he served in that position until December 31, 2005. Under section 1086 of The Borough Code (Code),[1] Claimant was responsible for the collection of various taxes levied within the Borough, but, as the elected tax collector, Claimant could "not collect any tax levied and imposed under [The Local Tax Enabling Act[2] (LTEA)] unless the ordinance imposing such tax ... provide[d] that he shall be the collector of the said tax." 53 P.S. § 46086. (UCBR's Findings of Fact, Nos. 1–3, 5.)

The only tax levied within the Borough under the LTEA is the local earned income tax. After Claimant was elected tax collector, although the ordinance did not require it, the Borough appointed Claimant to be Borough Receiver of Taxes (Receiver), whose duty it is to collect the local earned income tax. The Borough gave Claimant some training and paid Claimant a 5% commission on all earned income taxes that he collected. The Borough also paid for the office supplies, forms and postage necessary for Claimant to perform his Receiver duties.[3] (UCBR's Findings of Fact, Nos. 4, 8–10, 14–15, 23, 25.)

The Borough had entered into an agreement with the Grove City Area School District and the County of Mercer under section 10 of the LTEA, 53 P.S. § 6910, to use a single Receiver to collect the local earned income tax. Section 10(b) of the LTEA allows school districts and political subdivisions that levy, assess and collect earned income taxes to select "the same person or agency to collect such tax upon earned income...." 53 P.S. § 6910(b). Thus, once the Borough appointed Claimant as the Borough's Receiver, the Grove City Area School District and the County of Mercer also appointed Claimant to be their collector of earned income taxes. (UCBR's Findings of Fact, Nos. 14–16.)

Claimant did not have a job description for the Receiver position and, as Receiver, did not participate in the Borough's health or pension plans and did not accrue leave time. Claimant had his own office, which he rented from a private landlord, and paid his own rent and utilities. However, it is not clear if Claimant paid these expenses as the elected tax collector or as Receiver. Claimant hired two of his children to work part-time in his office. However, it is not clear if Claimant was acting as the elected tax collector or as Receiver when he hired them. (UCBR's Findings of Fact, Nos. 11–13, 17–20.)

---

1. Act of February 1, 1966, P.L. (1965) 1656, *as amended*, 53 P.S. § 46086.

2. Act of December 31, 1965, P.L. 1257, *as amended*, 53 P.S. §§ 6901–6924.

3. The UCBR found that section 1101 of the Code, 53 P.S. § 46101, authorizes the Borough to establish Claimant's compensation and work hours and to restrict his outside employment. (UCBR's Findings of Fact, No. 6.) However, that provision only allows the Borough to establish the work hours and to restrict the outside employment of Borough employees, not appointees. 53 P.S. § 46101. Moreover, it is section 13(VI) of the LTEA that authorizes the Borough to determine the compensation of the collector of the earned income tax. 53 P.S. § 6913(VI).

One of Claimant's duties as Receiver was to distribute earned income tax monies received from non-residents who worked in the Borough to the proper home taxing authorities. An issue arose as to when unclaimed monies should be sent to home taxing authorities, and the Borough ordered Claimant to retain the monies until the taxing authorities specifically requested it. (UCBR's Findings of Fact, Nos. 27–29.) In addition, Claimant once asked the Borough's solicitor for permission to perform outside employment involving income tax returns, and the solicitor refused to grant him permission. (UCBR's Findings of Fact, Nos. 7, 12, 26.)

When Claimant was not re-elected for the term beginning in January of 2006, Claimant applied for unemployment benefits in connection with his position as the Borough Receiver. Claimant's application was granted, and the Borough filed an appeal. After a hearing, a referee reversed that determination. Claimant then appealed to the UCBR, which reversed the referee and granted Claimant benefits, concluding that the Borough failed to prove that Claimant, as the appointed Receiver, was self-employed where the Borough restricted his outside work and controlled his handling of non-resident taxes. The Borough now petitions this court for review.[4]

## I. Hearsay

■ The Borough first argues that the UCBR erred in relying solely on inadmissible hearsay evidence to find that the Borough refused to permit Claimant to do outside work. We agree.

Claimant testified as follows:

CL   While you were acting as the Receiver of Taxes, could you perform any outside work?

C   I asked the Solicitor several times about various subjects and I was always turned down. . . .

EL   I'm going to object. This is hearsay.

R   I'll honor that objection.

C   I attempted to do earned income tax returns for people by request. I was informed I could not.

EL   I'm going to object. I don't—by whom and . . .

C   By whom? The Solicitor.

EL   I'm going to object on the basis of hearsay.

(R.R. at 52a–53a.)

■ A finding of fact based solely on hearsay will not stand. *Kilpatrick v. Unemployment Compensation Board of Review*, 59 Pa.Cmwlth. 201, 429 A.2d 133 (1981). However, the admission of a party is an exception to the hearsay rule and is competent to sustain a finding of fact. *Id.* Statements made by an agent, employee or other representative of a party are admissible as evidence if the representative had express or implied authority to make them. *Estate of Fells by Boulding v. Unemployment Compensation Board of Review*, 160 Pa.Cmwlth. 493, 635 A.2d 666 (1993), *appeal denied*, 538 Pa. 651, 647 A.2d 905 (1994).

■ The party offering a statement has the burden of proving agency and the authority to make the statement. *Volunteer Fire Company of New Buffalo v. Hilltop Oil Company*, 412 Pa.Super. 140, 602 A.2d 1348 (1992). Express authority is authority that is directly granted by the

---

4. Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

principal to bind the principal as to certain matters; implied authority binds the principal to those acts of the agent that are necessary, proper and usual in the exercise of the agent's express authority. *Id.*

■ In this case, Claimant presented no evidence to meet his burden of proving that the solicitor acted as the agent of the Borough in refusing to allow Claimant to perform outside work. A borough solicitor has a statutory duty to furnish legal opinions in writing upon questions of law submitted by a borough council, its committees, the mayor or the head of a department in their official capacities. Section 1117 of the Code, 53 P.S. § 46117. However, absent express or implied authority, a borough solicitor does not have any authority to restrict the outside employment of an appointed official. Therefore, the UCBR erred in finding, based solely on hearsay testimony, that the Borough restricted Claimant's outside employment.[5]

## II. Section 4(*l*)(2)(B)

■ The Borough next argues that it met its burden of proving that Claimant, in the performance of his Receiver duties, was free from the Borough's control and direction and that Claimant was customarily engaged in an independently established trade. We agree.

Section 402(h) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(h), states that a claimant is ineligible for benefits for any week in which he was engaged in self-employment. An individual is self-employed if: (1) the individual is free from control or direction over the performance of services; **and** (2) the individual is customarily engaged in an independently established trade, occupation, profession or business. Section 4(*l*)(2)(B) of the Law, 43 P.S. § 753(*l*)(2)(B).[6]

### A. Free from Control

■ With respect to the first element, the question of control concerns the work to be done and the manner of performing it. *Beacon Flag Car Co., Inc. v. Unemployment Compensation Board of Review,* 910 A.2d 103 (Pa.Cmwlth.2006).

In this regard, section 13 of the LTEA sets forth how local earned incomes taxes are to be imposed, paid **and collected.** 53 P.S. § 6913. Thus, in large measure, the statute controls the work to be done and the manner of performing it. For example, under section 13(IV) of the LTEA, employers register with the income tax officer, i.e., the Receiver; make earned income tax deductions from employee compensation; file returns with the Receiver containing specified information; and forward the tax deductions to the Receiver. 53 P.S. § 6913(IV); *see* section 13(I) of the LTEA, 53 P.S. § 6913(I) (defining "income tax officer" as the person designated to collect and administer the earned income tax).

However, in this case, an issue arose as to when unclaimed monies deducted from

---

5. Claimant argues that the solicitor's statements are admissible to show Claimant's state of mind. (Claimant's brief at 12 n. 10.) However, if the statements were admitted to show only that Claimant **believed** he could not perform outside work, the statement would not be sufficient to show that the Borough did not permit Claimant to perform outside work.

6. Self-employment is not defined in the Law; however, courts have utilized section 4(*l*)(2)(B) to fill the void because its obvious purpose is to exclude independent contractors from coverage. *Beacon Flag Car Co., Inc. v. Unemployment Compensation Board of Review,* 910 A.2d 103 (Pa.Cmwlth.2006).

the compensation of non-residents should be sent to home taxing authorities. The Borough ordered Claimant to retain the monies until the taxing authorities specifically requested it, but Claimant believed that this was contrary to law. Section 13(V)(h) of the LTEA provides:

> The [income tax] officer shall distribute earned income taxes to the appropriate political subdivisions within sixty days of the deadline for payment by an employer.... **The political subdivisions shall not be required to request the officer to distribute the funds collected....** If the officer, within one year after receiving a tax payment, cannot identify the taxing jurisdiction entitled to a tax payment, he shall make payment to the municipality in which the tax was collected.

53 P.S. § 6913(V)(h) (emphasis added). Claimant testified as follows:

> CL Did you collect non-resident earned income taxes for the Borough?
>
> C Yes.
>
> CL What was your understanding of what was to occur with these taxes?
>
> C The Borough's understanding differed from [the LTEA] and I discussed this with the Borough.... [The LTEA] requires non-resident funds to be distributed quarterly as collected. In other words, the non-resident tax district does not have to invoice us for those taxes. We are to voluntarily submit them. I approached ... [certain] Councilmen and asked them if they wanted me to do that and they said no, I was to continue the office as I had been doing. I took my wife, who is a Councilperson ... one time because this was ... bothering a lot of us. It was putting Receivers of Taxes in a bad position because we were in the middle, apparently. And said we need to comply with this. Our Auditors have talked about this. Everyone seems to know it but nobody's doing it. And ... I was told no, continue to do it. A lot of non-resident money was being turned in to the Borough and remaining unclaimed. Over $2 million dollars since 1974 was turned in to the Borough and was unclaimed. I understood the [LTEA]. I read the [LTEA]. I knew what we were supposed to do and I was told no, don't do that.

(R.R. at 53a.)

In other words, the only evidence that the Borough controlled the manner in which Claimant performed his work involved a legal dispute. In that instance, Claimant evidently was trained by the Borough to retain monies received from non-residents until their taxing districts requested it. Claimant approached the Borough after he became familiar with section 13(V)(h) of the LTEA, and, according to Claimant, the Borough ordered Claimant to ignore that law. However, the Borough had no authority to do so. Thus, although it appeared to Claimant that the Borough controlled the manner in which Claimant handled non-resident tax monies, the LTEA actually controlled Claimant's performance of those duties.

**B. Independent Business**

With respect to the second element, courts have identified two factors for determining whether an individual provides services as an independently established business: (1) whether the individual held himself out to, or was capable of performing the activities in question for, anyone who wished to avail themselves of his services; and (2) whether the nature of the business compelled the individual to look to only a single employer for the continuation of such services. *Applied Measurement Professionals, Inc. v. Unemployment Compensation Board of Review*, 844 A.2d 632 (Pa.Cmwlth.2004).

Here, Claimant testified that the solicitor denied him permission to do outside work involving income tax returns, but we concluded above that the solicitor was not an agent of the Borough. Thus, there is no competent evidence showing that the Borough prevented Claimant from performing outside work. Moreover, Claimant actually performed Receiver services for the Grove City Area School District and the County of Mercer under section 10 of the LTEA, which specifically allows a Receiver to collect earned income taxes for multiple taxing authorities. Thus, Claimant could have held himself out as available to perform Receiver services for anyone who would appoint him as the income tax officer. Finally, because LTEA places no limit on Claimant's ability to perform Receiver services for multiple taxing authorities, the nature of collecting such taxes did not compel Claimant to look to only the Borough for his continuing such services.

Accordingly, we reverse.

### ORDER

AND NOW, this 6th day of June, 2007, the order of the Unemployment Compensation Board of Review, dated August 16, 2006, is hereby reversed.