James Goodson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

418

Argued October 6, 1980, before President Judge CRUMLISH and Judges BLATT and CRAIG, sitting as a panel of three.

*Neal M. Masciantonio*, with him *Paul J. Downey*, for petitioner.

*John T. Kupchinsky*, Assistant Attorney General, with him *Richard Wagner*, Chief Counsel, and *Harvey Bartle, III*, Acting Attorney General, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, February 2, 1981:

James Goodson appeals an Unemployment Compensation Board of Review decision denying benefits on the basis of willful misconduct.[1] We reverse.

---

[1] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

Employed as a bus driver by the Southeastern Pennsylvania Transportation Authority (SEPTA) on January 31, 1979, Goodson was involved in an accident while en route to the depot after his last scheduled stop. On the bus was a fare-paying passenger who, with Goodson's permission, intended to ride to her place of employment, a restaurant at the same depot. Following the accident, Goodson was suspended from his job pending an investigation. On February 6, 1979, he was discharged for "substandard job performance culminated by an accident in which he was extremely negligent and for having an unauthorized passenger on his bus."

After a second hearing on remand, the Board affirmed a referee's decision denying benefits finding that Goodson's "act of transporting an unauthorized passenger in violation of the employer's work rule of which he was aware must be held to constitute willful misconduct in connection with the claimant's work."

We are asked only to decide whether Goodson's solitary act in permitting a fare-paying passenger to remain on the bus after its last scheduled stop, a violation of the employer's known work rule, merits denial of unemployment benefits.[2] The record does not reflect such a clear basis for willful misconduct.[3]

------

[2] This Court's inquiry then "is not whether the employer had the right to discharge for the questioned conduct of the employee, but rather whether the state is justified in reinforcing that decision by denying benefits under the act for the complained of conduct." *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 86, 351 A.2d 631, 634 (1976).

[3] It is well established that the Board is the ultimate fact finder in unemployment cases. Where the employer alleges misconduct on the part of the employee, it is the employer's burden to prove that fact with substantial evidence.... Where the employee attempts to justify his misconduct by showing good cause, the burden of proving that good cause is upon him. (Citations omitted.) *Gane v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 292, 293, 398 A.2d 1110, 1111 (1979).

For this Court to properly and thoroughly review an appeal, "the Board must make adequate findings of fact resolving all crucial issues raised by the testimony." *Spicer v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 272, 275, 407 A.2d 929, 931 (1979). The finding by the Board that Goodson knowingly violated the employer's rule is not in and of itself sufficient to always result in a denial of benefits for willful misconduct. *See Frumento v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 462, 379 A.2d 1069 (1977). Though Goodson acknowledges some degree of "illegality" in carrying the passenger to the depot, the record testimony reveals that neither the company representatives nor the company employee benefits specialist were able to specify a governing company regulation.[4] Further, even if a specific rule regarding this activity had been cited and the conduct confined to this single act, this Court has consistently held that a single dereliction or infraction does not *necessarily* constitute willful misconduct. *Frumento, supra* at 88, 351 A.2d at 635, citing *Morgan v. Unemployment Compensation Board of Review*, 176 Pa. Superior Ct. 297, 106 A.2d 619 (1959). In fact, Goodson testified that the passenger was a regularly transported customer and that this was his first involvement.

---

[4] The company's employee benefits specialist testified: "Now it's covered under rule 19, unauthorized use of passenger vehicles. And it states all operating personnel are reminded that improper use of passenger vehicles is considered an extremely willful infraction, and one which might result in the most serious consequence. There again, if you ... I read out of context [sic], but it says that the following examples are of such misuse in which no employee may engage without specific prior approval of a responsible supervisor. And it goes on to list maybe 7 or 8 of them. *But the carrying of an individual, unauthorized, is not specifically covered in there.* However, if you want to use it as a catch-all rule, this is unauthorized use." (Emphasis added.)

Since the Board did not have before it either the violated rule in question or any testimony concerning SEPTA's actual knowledge of the passenger practice,[5] and these issues are the basis for the Board's finding, it is impossible for us to conclude that Goodson's conduct rose to the level of willful misconduct. We recognize that remanding this case a third time for factual determinations is counter-productive. After failing to develop a record sufficient to establish willful misconduct and a denial of benefits, we shall not indulge SEPTA further. The record below simply does not support a finding of willful misconduct and certainly does not warrant a denial of benefits.

Reversed.

### ORDER

The order of the Unemployment Compensation Board of Review dated August 3, 1979, is reversed and the case is remanded to the Board for computation of benefits.

---

[5] Neither representative knew of the practice, however, the testifying supervisor did not work the shift when it supposedly occurred and it is presumed the employee benefits specialist toiled at a location removed from the depot in question.