Anthony E. LEWIS, Petitioner

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 9, 2012.

Filed April 16, 2012.

Nicholas L. Fiske, Pittsburgh, for petitioner.

Judith M. Gilroy, Assistant Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, and BROBSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY SENIOR Judge FRIEDMAN.

Anthony E. Lewis (Claimant) petitions for review of the July 20, 2011, order of the Unemployment Compensation Board of Review (UCBR) affirming the decision of a referee to deny Claimant unemployment compensation benefits. The UCBR concluded that Claimant was ineligible for benefits because his discharge was the result of willful misconduct under section 402(e) of the Unemployment Compensation Law (Law).[1] We reverse.

Claimant worked as a full-time janitorial cleaner for ABM Janitorial Services (Employer) from December 7, 2002, through January 23, 2011. (UCBR's Findings of Fact, No. 1.) During the late night hours of January 22, 2011, Claimant engaged in a loud confrontation with a co-worker, Tim Freedman, at Pittsburgh International Airport. (UCBR's Findings of Fact, No. 3; N.T., 4/26/11, at 6, 9.) Claimant and Freedman began discussing their familiarity with firearms and how tough they are. (UCBR's Findings of Fact, No. 4.) The argument continued for several minutes and was overheard by co-workers. (UCBR's Findings of Fact, Nos. 4–5.) On January 23, 2011, Claimant was suspended for inappropriate conduct in the workplace; his suspension was converted to a discharge on February 3, 2011. (UCBR's Findings of Fact, No. 6.) Freedman was also discharged. (UCBR's Findings of Fact, No. 7.)

Claimant filed a claim for unemployment benefits, which was denied by the local service center. Claimant timely appealed to the referee,[2] who held an evidentiary hearing. At the hearing, Employer's only witness, Oshea Vreen, testified that Employer has "rules and regulations" and a "harassment policy." (N.T., 4/26/11, at 11.) Vreen testified that Claimant received the policy when he was hired and would have signed off on it. (*Id.*) Employer then introduced two written statements

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e). Section 402(e) of the Law provides that an employee shall be ineligible for compensation for any week in which his unemployment is due to his discharge for willful misconduct connected with his work. 43 P.S. § 802(e).

2. Claimant filed two appeals, one involving his eligibility for benefits under section 402(e) (No. 11–09–H–3527) and one involving his request for the backdating of his claim (No. 11–09–H–3526). The referee denied Claimant's request for backdating, and the UCBR affirmed that decision. Because Claimant did not file a further appeal from that decision, the backdating issue is not before this court.

prepared by Claimant shortly after the incident, which were admitted without objection. (*Id.* at 11–12.) In one statement, Claimant wrote:

> I saw Tim Free[d]man and asked him a question. He got loud with me I got loud back with him. He said you don't know me ... I carry gun's and stuff. I'm from Atlanta. I said I'm from D.C. I been shot and all that I'm not scared of no guns. He went on about how tuff he was and I went on about how tuff I was to. It got heated but know one touched each other [sic].

(*Id.*, Ex. Employer–2.) [3] Claimant testified that he never threatened violence against Freedman and never used profanity or racial slurs. He also testified that the argument occurred after the ticketing counter was closed for the night when no customers were present. (*Id.* at 14–16, 19.) According to Claimant, he ended the confrontation by leaving the area and returning to work. (*Id.* at 18.)

Following the hearing, the referee concluded that Claimant violated Employer's policy prohibiting threatening conduct in the workplace and, thus, was ineligible for benefits under section 402(e) of the Law.

Claimant timely appealed to the UCBR, which affirmed. The UCBR likewise found that Employer had a policy prohibiting threatening confrontations between employees in the workplace and that Claimant violated the policy without justifi-

cation.[4] Therefore, the UCBR concluded that Claimant was discharged for willful misconduct. Claimant now petitions for review of that decision.

On appeal, Claimant asserts that the UCBR's willful misconduct determination is unsupported by substantial evidence. We agree.[5]

 "Willful misconduct" is defined as: (1) a wanton and willful disregard of the employer's interests; (2) a deliberate violation of the employer's rules; (3) a disregard of the standards of behavior that an employer rightfully can expect from its employees; or (4) negligence that manifests culpability, wrongful intent, or evil design, or an intentional and substantial disregard of the employer's interests or the employee's duties and obligations. *Oliver v. Unemployment Compensation Board of Review*, 5 A.3d 432, 438 (Pa. Cmwlth.2010) (*en banc*). When an employee is discharged for violating a work rule, the employer must prove the existence of the rule and the fact of its violation. *Walsh v. Unemployment Compensation Board of Review*, 943 A.2d 363, 369 (Pa.Cmwlth.2008). The burden then shifts to the employee to prove that he or she had good cause for violating the rule. *Id.*

 Here, the UCBR found that Claimant violated Employer's policy "prohibit[ing] threatening confrontations between

---

3. In Claimant's other statement, he wrote:

> I went to ticketing to get some cold water. And I saw Tim Free[d]man up their [sic], so I asked him about something somebody said. So he got loud with me then I got a little loud with him. And it turned into an argument.

(N.T., 4/26/11, Ex. Employer–1.)

4. In his brief, Claimant asserts that the UCBR adopted the referee's findings of fact. (Claimant's Br. at 12.) He is incorrect. The UCBR adopted the referee's findings in the backdat-

ing appeal only (No. 11–09–H–3526). The UCBR made its own findings of fact in the willful misconduct appeal (No. 11–09–H–3527).

5. Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

employees in the workplace." (UCBR's Findings of Fact, No. 2.) We are unable to find substantial evidence in the record to support this finding. Vreen provided the only evidence regarding a work policy when he stated, in response to a question about whether Claimant should have known that a heated argument was prohibited in the workplace, "We have rules and regulations and also we have [a] harassment policy." (N.T., 4/26/11, at 11.) Critically, Employer did not identify any specific rule or policy that Claimant violated, nor did it present any documentary evidence of such a policy.[6] Testimony that Employer has "rules and regulations" and a "harassment policy" is insufficient to establish the type of policy that the UCBR found Claimant violated. *See Pennsylvania National Insurance Company v. Unemployment Compensation Board of Review*, 109 Pa. Cmwlth. 587, 531 A.2d 832, 834 (1987) (finding no willful misconduct where there was no evidence of a specific rule that the claimant violated); *Goodson v. Unemployment Compensation Board of Review*, 56 Pa.Cmwlth. 417, 424 A.2d 1019, 1020 (1981) (finding no willful misconduct where the employer's witnesses failed to specify what company regulation the claimant violated). Even if Employer had proven the existence of a policy, however, the UCBR made no finding that Claimant was aware or should have been aware of it. Therefore, we conclude that Employer failed to prove Claimant's deliberate violation of a work rule.

■ In addition, the UCBR determined that Claimant's conduct was below the standards of behavior that an employer has a right to expect of its employees. The UCBR based this conclusion on its findings that Claimant engaged in a "loud and disruptive confrontation" with Freedman in which the two men "exchanged threats" and "discuss[ed] their familiarity with firearms and how tough they were." (UCBR's Findings of Fact, Nos. 3–4.) We cannot agree.

■ While it is true that threats of harm toward a co-worker may disqualify an employee from receiving benefits, *see Andrews v. Unemployment Compensation Board of Review*, 159 Pa.Cmwlth. 455, 633 A.2d 1261, 1263 (1993), there is no evidence here that Claimant threatened Freedman. The only evidence Employer presented regarding any threat was Claimant's written statement that *Freedman* said that he carries guns and Claimant's response that he had been shot before and was not afraid of guns. (N.T., 4/26/11, Ex. Employer-2.) Claimant himself did not threaten to use firearms. According to Claimant, Freedman then "went on about how [tough] he was and I went on about how [tough] I was to [sic]." (*Id.*) An employee's remark to another employee that he is "tough," without more, cannot be construed as a threat of physical harm disqualifying him from receiving benefits. *See Blount v. Unemployment Compensation Board of Review*, 77 Pa.Cmwlth. 627, 466 A.2d 771, 773 (1983) (noting that, where an employee's offensive remark to another employee was justifiably provoked and of a *de minimis* nature, it did not constitute willful misconduct).[7] Further-

---

6. When asked whether he had brought a copy of the "harassment policy" to the hearing, Vreen stated, "No, I d[id] not." (N.T., 4/26/11, at 13.)

7. Notably, although Vreen testified that two other employees witnessed the altercation, neither was present at the hearing, nor were their written statements admitted into evidence. Vreen also testified that he viewed surveillance video of the incident, but he admitted that the video had no sound. (N.T. 4/26/11, at 10.) The extent of Vreen's testimony regarding what he observed on the video was that the argument lasted "[a]bout 11 to 12 minutes." (*Id.*)

more, the UCBR made no findings, nor was there any evidence, that Claimant used profanity or offensive language during the argument or that there was any physical contact between the two men. Thus, we cannot conclude that Claimant's behavior rose to the level of willful misconduct.

Accordingly, because we conclude that the UCBR's willful misconduct determination is unsupported by substantial evidence, we reverse.[8]

## ORDER

AND NOW, this 16th day of April, 2012, we hereby reverse the July 20, 2011, order of the Unemployment Compensation Board of Review.

---

[8]. In his petition for review and brief, Claimant raises two additional issues regarding Employer's enforcement of its disciplinary procedures. However, because Claimant failed to raise these issues in his appeal to the UCBR, they are waived. *See Reading Nursing Center v. Unemployment Compensation Board of Review,* 663 A.2d 270, 275 (Pa.Cmwlth. 1995) (finding due process claim waived on appeal where employer failed to adequately raise and develop claim before UCBR).