# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rhonda L. George,                          :
                 Petitioner   :
                              :
             v.            :   No. 249 C.D. 2015
                              :   SUBMITTED:  August 21, 2015
Unemployment Compensation                  :
Board of Review,                           :
                 Respondent   :


BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
               HONORABLE ROBERT SIMPSON, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE LEADBETTER**             **FILED:  November 3, 2015**


Claimant Rhonda L. George petitions *pro se* for review of the order of the Unemployment Compensation Board of Review (Board) affirming the denial of her application for benefits due to disqualifying willful misconduct.[1] Because the issues raised on appeal to this court were waived below, we affirm.

Briefly and generally, the binding factual findings demonstrate that Claimant worked from home as a Medicare inside sales representative for Capital

---

[1] Pursuant to Section 402(e) of the Unemployment Compensation Law, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e), disqualifying willful misconduct precludes the grant of unemployment compensation benefits.

Blue Cross (Employer). Claimant was aware that her phone calls and computer use could be monitored.[2] Because Employer became concerned that Claimant was releasing personal health information to a health advocate acting on behalf of clients/beneficiaries without the required power of attorney or verbal consent communicated to Employer, Employer directed Claimant, by email, as follows: "[U]ntil we know how patient advocates fit in and what legal rights they have to speak on behalf of the beneficiaries, please refrain from providing beneficiary information to advocates." Certified Record, Hearing, Notes of Testimony (July 24, 2014), Employer Exhibit 4 (email dated May 19, 2014). Following the aforesaid directive, Employer monitored Claimant's phone recordings and discovered that she once again inappropriately accessed and released protected health information. As a result, she was terminated.

Claimant appeared at the hearing before the referee, represented by non-attorney representative Beverly Gordon-Jones, the health advocate that she had released information to without proper authorization. During the hearing, Employer adduced the testimony of several witnesses regarding Employer's rules and policies, the monitoring and recording of employee phone calls, and its investigation into Claimant's improper access and release of protected health information to Gordon-Jones. Employer also offered and played a recording of a phone conversation between Claimant and Gordon-Jones. Neither Claimant nor Gordon-Jones objected to the recording and Claimant essentially identified her voice and the voice of Gordon-Jones on the recording. Based upon the evidence, the referee concluded that Claimant committed willful misconduct when she

---

[2] Employer provided Claimant with phone and computer equipment for work-related purposes.

2

improperly used Employer's resources to access and release protected information in violation of known work rules.

Claimant's appeal to the Board challenged the appropriateness and legality of Employer's practice of recording employee phone calls and Employer's alleged failure to adhere to a progressive discipline policy in terminating Claimant.[3] Regarding whether Claimant violated a known work rule or Employer's directive, Claimant contended the issue was moot because the applications for the subject beneficiaries were processed before Employer directed her to refrain from releasing information to the beneficiaries' health advocate. In addition to adopting the referee's findings and conclusions, the Board stated in its order:

> Whether the employer notified the claimant of her violation before or after processing the application is immaterial to whether the claimant did what she was told to not do. Even if the employer improperly recorded calls, the advocate may have a private cause of action against the employer, but the claimant is not protected by a third party's rights. The claimant has not shown that a coworker who was progressively disciplined was similarly situated, so there is no evidence of disparate treatment. . . . The referee's order is affirmed.

Board's order (December 11, 2014).

In her appeal to this court, Claimant argues for the first time that the audio recording of the telephone call was improperly admitted because it was not authenticated. Claimant also argues the audio recording itself fails to demonstrate willful misconduct because it is unclear who the parties are discussing on the recording. In addition, Claimant contends for the first time that the record lacks

---

[3] The appeal papers were filed by Gordon-Jones.

3

substantial evidence to support a finding that she disclosed protected health information or improperly accessed records after being directed to refrain from that practice.

These contentions have all been waived as a result of Claimant's failure to raise them below. *Lewis v. Unemployment Comp. Bd. of Review*, 42 A.3d 375, 379 n.8 (Pa. Cmwlth. 2012). Even if they were not waived, there is no merit to them. Considering the testimony of Employer's witness as well as that of Claimant and Gordon-Jones, the audio recording was sufficiently authenticated. Moreover, reviewing the record as a whole, there is substantial evidence to support the finding that Claimant committed the conduct for which she was terminated.

The Board's order is affirmed.

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Rhonda L. George,                                          :
                        Petitioner                         :
                                                           :
            v.                                             :        No. 249 C.D. 2015
                                                           :
Unemployment Compensation                                  :
Board of Review,                                           :
                        Respondent                         :

# **O R D E R**

AND NOW, this 3rd day of November, 2015, the order of the Unemployment Compensation Board of Review is AFFIRMED.

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge