IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brian Williams,                              :
                                             : No. 2535 C.D. 2015
                    Petitioner               : Submitted: July 29, 2016
                                             :
             v.                              :
                                             :
Unemployment Compensation                    :
Board of Review,                             :
                                             :
                    Respondent               :


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                    FILED:  September 30, 2016


         Brian Williams (Claimant) petitions for review, *pro se,* of the November 23, 2015, order of the Unemployment Compensation Board of Review (UCBR) affirming the decision of a referee to deny Claimant unemployment compensation (UC) benefits. The UCBR determined that Claimant was ineligible for UC benefits under section 402(b) of the Unemployment Compensation Law (Law)[1] because he voluntarily quit his employment without cause of a necessitous and compelling nature. We affirm.

_____

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b). Section 402(b) of the Law provides that "[a]n employe shall be ineligible for compensation for any week . . . [i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature." 43 P.S. §802(b).

Claimant worked as a night merchandiser for Wal-Mart Associates, Inc./Sam's Club (Employer) from March 5, 2008, through August 12, 2015. (Findings of Fact, No. 1; R. Item No. 3.)[2] Claimant's son suffers from a profound drug addiction. (Findings of Fact, No. 2.) Due to Claimant's attempts to assist his son, Claimant developed attendance problems. (*Id.*, No. 5.)

Edward Liston, Employer's overnight assistant manager, advised Claimant that another unauthorized absence would result in Claimant's discharge. (*Id.*, No. 6.) Claimant responded that he would leave work if he needed to assist his son again. (*Id.*, No. 9.) Claimant could have requested a leave of absence, and Karen Danley, Employer's personnel manager, forwarded Claimant the leave of absence paperwork. (*Id.*, No. 7.) However, Claimant did not thereafter request a leave of absence. (*Id.*, No. 8.) On August 12, 2015, Claimant was at work when he received a call informing him that his son was in crisis. (*Id.*, No. 10.) Claimant left work without attempting to contact Liston. (*Id.*, No. 11.) August 12, 2015, was the last day that Claimant worked for Employer. (*Id.*, No. 1.)

Claimant filed a claim for UC benefits, which the local service center denied under section 402(b) of the Law. Claimant appealed to the referee, who conducted a hearing. The referee concluded that Claimant voluntarily quit his employment without a necessitous and compelling reason and affirmed the service center's decision. Claimant appealed to the UCBR. In his appeal, Claimant

---

[2] The UCBR adopted and incorporated the referee's findings of fact and conclusions of law, but modified Finding of Fact Number 14 to find that Claimant voluntarily quit his employment when he left work on August 12, 2015. (UCBR's Decision at 1.) The referee had found that "[C]laimant was discharged for job abandonment." (Findings of Fact, No. 14.)

understandably explained that he left work because his job was not as important as his son's safety; however, Claimant did not challenge any of the referee's findings of fact or conclusions of law. The UCBR affirmed the referee. Claimant now petitions this court for review.[3]

Claimant argues that he was on "family leave" when he left work on August 12, 2015. However, because Claimant did not raise this issue before the referee or the UCBR, we may not consider it.[4] *See* Pa. R.A.P. 1551(a) ("No question shall be heard or considered by the court which was not raised before the government unit . . . ."); *Wing v. Unemployment Compensation Board of Review*, 436 A.2d 179, 180 (Pa. 1981) (holding that employers waived the issue of willful misconduct where they first raised it on appeal to this court).

Claimant also raises three other issues in his statement of questions involved.[5] However, Claimant waived these issues because he failed to raise them

---

[3] Our review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704. "[T]he [UCBR] is the ultimate finder of fact, and its findings are binding and conclusive on appeal if the record . . . contains substantial evidence to support those findings." *Mathis v. Unemployment Compensation Board of Review*, 64 A.3d 293, 299 (Pa. Cmwlth. 2013).

[4] Even if Claimant had not waived this issue, no credible evidence of record supports a finding that Claimant was on a leave of absence when he left work on August 12, 2015. Liston's uncontradicted testimony supports the UCBR's findings that Claimant did not request a leave of absence before leaving work on August 12, 2015, and that Claimant left work that day without notice or permission. (N.T., 10/13/15, at 8-9; Findings of Fact, Nos. 8, 11.) Therefore, the UCBR's findings are supported by substantial evidence and are binding on appeal. While this court is sympathetic to Claimant's familial situation and recognize that Claimant is unrepresented, we are limited in our review to address only challenged findings of fact or conclusions of law.

[5] The three additional issues are:
**(Footnote continued on next page…)**

3

before the UCBR. *See* Pa. R.A.P. 1551(a); *Lewis v. Unemployment Compensation Board of Review*, 42 A.3d 375, 379 n.8 (Pa. Cmwlth. 2012) (holding that a claimant waived issues regarding his employer's disciplinary procedures where he failed to raise the issues in his appeal to the UCBR).

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

---

**(continued…)**

[(2)] Why did a daylight manager call me at home and tell me to come back to work or I would be terminated?

[(3)] Why did I never receive a termination letter?

[(4)] Why was I asked by Karen Danley how I am surviving without any income?

(Cl.'s Br. at 3-4.)

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brian Williams,                          :
                                         : No. 2535 C.D. 2015
                    Petitioner           :
                                         :
              v.                         :
                                         :
Unemployment Compensation                :
Board of Review,                         :
                                         :
                    Respondent           :


O R D E R


AND NOW, this 30th day of September, 2016, we hereby affirm the November 23, 2015, order of the Unemployment Compensation Board of Review.


_____
ROCHELLE S. FRIEDMAN, Senior Judge