# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shawn P. Ealy,                          :
                          Petitioner    :
                                        :
          v.                            :     No. 203 C.D. 2019
                                        :     Submitted: June 21, 2019
Unemployment Compensation               :
Board of Review,                        :
                          Respondent    :

BEFORE:     HONORABLE ROBERT SIMPSON, Judge
            HONORABLE ANNE E. COVEY, Judge
            HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**              **FILED:  August 20, 2019**


Shawn P. Ealy (Claimant), representing himself, petitions for review from an order of the Unemployment Compensation Board of Review (Board) denying him unemployment compensation (UC) benefits under Section 402(e) of the UC Law (Law).[1]  Claimant challenges his termination from employment, asserting he was not insubordinate.  Rather, Claimant argues his employment was terminated in retaliation for reporting a superior.  Upon review, we affirm.


Claimant worked full-time for American Contract Services (Employer) as an assistant manager from March 2015, until the date of his

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(e) (relating to willful misconduct).

termination from employment, August 10, 2018.  Employer's policy prohibited abusive, intimidating, and threatening language or behavior.

Claimant typically started the work day by discussing operations with the plant manager (Plant Manager).  However, on August 10, 2018, he arrived to work in an agitated state.  That day, instead of meeting with Plant Manager, Claimant began assembling boxes.  When Plant Manager asked what was wrong, Claimant explained he was distressed because Plant Manager failed to inform him that other employees were upset by his personal relationship with another coworker (Coworker).

Plant Manager observed Claimant become increasingly upset during their conversation and ordered Claimant to go home for the day. Claimant refused, and he proceeded to loudly burst into the operations area to confront other employees about the rumor.  Plant Manager directed Claimant to calm down, explained that Claimant had no right to behave this way, and for the second time, ordered him to leave the facility.  Again, Claimant ignored the directive and threatened to tell Employer's business partner (Business Partner) that Plant Manager was stealing supplies from Employer.  Addressing the group of employees, Claimant asked who had an issue with him working with Coworker. One employee, (Assembler), raised her hand.

Claimant became demonstrably more agitated by Assembler's response, and Plant Manager ordered Claimant to leave for the third time.  Again, Claimant disregarded his directive; he stormed into Business Partner's office and

2

accused Plant Manager of stealing plastic bags. Plant Manager immediately terminated Claimant's employment and requested that Claimant be escorted out of the building.

Thereafter, Claimant filed for UC benefits. The Department of Labor and Industry (Department) issued a Notice of Determination denying benefits, determining Claimant was insubordinate for reporting false statements about Plant Manager in front of a customer.[2] Claimant appealed, and a referee's hearing ensued. Claimant, then represented by counsel, testified on his own behalf, and Plant Manager and Assembler testified on behalf of Employer.

Plant Manager testified that despite his efforts, he could not calm Claimant down that day. Plant Manager indicated Claimant used expletives when confronting other employees, which Assembler confirmed in her testimony. Plant Manager insisted that Claimant's employment was terminated solely because of his behavior to other employees on the day in question.

Claimant recalled being "a little pissed off" concerning allegations of his personal relationship with Coworker. Referee's Hr'g, Notes of Testimony (N.T.), 11/6/18, at 12. Claimant described feeling "consistently harassed" by these accusations and felt compelled to confront the other employees. N.T. at 16. He

---

[2] The Board acknowledged Employer prohibits criticism of its policies in front of customers or third parties. See Bd. Op., 1/29/19, Finding of Fact (F.F.) No. 3. However, neither the referee nor the Board indicated Claimant made the accusation of Plant Manager's theft in front of a customer or third party. Because the Board determined Claimant's employment was terminated for insubordination and belligerent language and behavior, a finding concerning the persons or parties before whom he raised this allegation is irrelevant to our analysis.

admitted to using a louder tone when speaking to the other employees, but denied he yelled or used profanity. Claimant also denied the existence of any personal relationship with Coworker. He maintained they were just friends.

Claimant believed his employment was terminated in retaliation for reporting Plant Manager's alleged theft and improper plastic bag use to Business Partner. However, Plant Manager maintained Claimant's employment was terminated before Claimant reported the allegations to Business Partner.

The referee affirmed the Department's determination of ineligibility, finding Claimant's employment was terminated for insubordination. She concluded Claimant did not establish good cause for refusing several directives to leave the facility. The referee also reasoned that had Claimant wanted to report Plant Manager's alleged theft to Business Partner, he could have done so at a different time. Claimant appealed to the Board, arguing he was not insubordinate and that reporting theft to Business Partner constituted good cause for violating Plant Manager's directive to go home.

The Board affirmed the referee's decision and issued its own findings. It found that in addition to insubordination, Claimant was discharged for his belligerence toward other employees. In so doing, the Board rejected Claimant's testimony that his employment was terminated in retaliation. It found that Claimant became increasingly hostile with Plant Manager in front of other employees, refused numerous directives to leave, and confronted other employees in an aggressive manner. The Board also noted Plant Manager afforded Claimant many opportunities

to calm down. It emphasized Claimant not only ignored these opportunities, but escalated matters by accusing Plant Manager of theft. As such, the Board deemed Claimant ineligible for UC benefits under Section 402(e) of the Law, 43 P.S. §802(e).[3]

Claimant, now representing himself, petitions for review.[4]

We discern the following arguments from Claimant's uncounseled brief. Claimant contends he was fired in retaliation for reporting Plant Manager, not for insubordination. Alternatively, Claimant maintains his actions did not constitute willful misconduct under Section 402(e) of the UC Law, 43 P.S. §802(e).[5]

---

[3] The Board also denied Claimant's request for a remand hearing to offer additional evidence that Claimant neglected to present to the referee.

[4] Our review is limited to determining whether the Board's findings were supported by substantial evidence, whether the Board committed an error of law, or whether constitutional rights were violated. Dep't of Corr. v. Unemployment Comp. Bd. of Review, 943 A.2d 1011 (Pa. Cmwlth. 2008). In UC proceedings, the Board's findings of fact are conclusive on appeal as long as they are supported by substantial evidence. Grieb v. Unemployment Comp. Bd. of Review, 827 A.2d 422 (Pa. 2003).

[5] Notably, Claimant waives certain arguments on appeal. Claimant argues the Board erred by allowing Employer "to raise the second issue which was outside the scope of hearing," yet, he fails to identify the second issue. Pet'r's Br. at 13. Claimant contends the Board considered this issue in making its determination without affording him proper notice under Section 501(c)(2) of the UC Law, 43 P.S. §821(c)(2). Because Claimant failed to raise this argument before the Board, and fails to develop it sufficiently in his brief here, it is waived. Lewis v. Unemployment Comp. Bd. of Review, 42 A.3d 375 (Pa. Cmwlth. 2012).

Additionally, Claimant advanced both disparate treatment and harassment arguments in his petition for review. However, because he fails to address these issues in his brief, they are waived on appeal. Jimoh v. Unemployment Comp. Bd. of Review, 902 A.2d 608 (Pa. Cmwlth. 2006).

Claimant avers Employer terminated his employment in retaliation for accusing Plant Manager of stealing supplies. We construe this as a challenge to the Board's credibility determinations.

It is well settled that the Board is the ultimate fact-finder and is empowered to make its own determinations regarding witness credibility and evidentiary weight. Serrano v. Unemployment Comp. Bd. of Review, 149 A.3d 435 (Pa. Cmwlth. 2016). On appeal, we are bound by the Board's findings, even if the record contains contrary evidence. Id.

Here, the Board credited Plant Manager's testimony over Claimant's testimony regarding the reason for Claimant's discharge. Bd. Op., 1/29/19, at 3. Plant Manager testified Claimant's termination of employment resulted "solely" from his "threatening behavior toward the employees." N.T. at 7. Plant Manager explained in light of Claimant's escalating anger and what Claimant previously shared with him about "his temper," Plant Manager terminated Claimant's employment out of "fear of what could've happen[ed]." N.T. at 8, 19.

In contrast, the Board did not credit Claimant's testimony that he was fired in retaliation for accusing Plant Manager of theft. Bd. Op. at 3. There is substantial, credited evidence to support the Board's findings that Claimant's employment was terminated because of his insubordinate and aggressive behavior. We are bound by the Board's credibility determinations on appeal. Serrano.

6

Under Section 402(e) of the Law, 43 P.S. §802(e), a claimant is ineligible for UC benefits when an employer discharges him for willful misconduct. Willful misconduct is defined in our case law as: (a) wanton or willful disregard for an employer's interests; (b) deliberate violation of an employer's rules; (c) disregard for standards of behavior which an employer can rightfully expect; or (d) negligence indicating an intentional or substantial disregard of an employer's interest or an employee's duties or obligations. Klampfer v. Unemployment Comp. Bd. of Review, 182 A.3d 495 (Pa. Cmwlth. 2018). If the employer satisfies its burden of proof, the burden then shifts to the claimant to prove good cause for his actions, meaning they were justified and reasonable under the circumstances. Kelly v. Unemployment Comp. Bd. of Review, 747 A.2d 436 (Pa. Cmwlth. 2000).

Claimant contends his behavior did not constitute willful misconduct. In support of this argument, he cites various cases for the proposition that an employee cannot be discharged in retaliation for reporting the illegal activity of a superior. See Pet'r's Br. at 12.

The Board did not find Claimant's alleged whistleblowing to be based on credible facts and rejected it as a reason for his discharge. Bd. Op. at 3. Instead, it was Claimant's behavior toward Plant Manager and toward other employees, the actions that led to his discharge, that are pertinent to our review.

A claimant's deliberate violation of an employer's rules and a disregard of behavioral standards an employer has a right to expect of an employee

7

constitutes willful misconduct. Ellis v. Unemployment Comp. Bd. of Review, 749 A.2d 1028 (Pa. Cmwlth. 2000). Insubordination, combined with the use of profane and abusive language to a superior, also constitutes willful misconduct. Saxton v. Unemployment Comp. Bd. of Review, 455 A.2d 765 (Pa. Cmwlth. 1983). Here, Employer's policy prohibits "[a]busive, intimidating or threatening language or behavior, fighting, harassment, discrimination, or retaliation." Bd. Op., Finding of Fact (F.F.) No. 2.

It is undisputed that Claimant was upset when he arrived to work on the date of his discharge. Plant Manager attempted to speak to Claimant, but was met with hostility; he witnessed Claimant become increasingly agitated throughout the morning. See F.F. No. 9 (finding "[C]laimant told [Plant Manager] that he would work with whomever he wanted"). Plant Manager repeatedly ordered Claimant to go home and told Claimant that he had no right to act in such a manner, but Plant Manager "could not catch [Claimant], could not stop him, [and] could not get him to calm down." N.T. at 5.

Claimant continued to disrupt a group of employees and confront them about the personal rumor. When he did so, Claimant used expletives, more than simply a "loud" voice, as well as threatening language, to discover who amongst them took issue with his relationship with Coworker. N.T. at 16. Plant Manager testified he became "extremely nervous at that point" because he "had never seen [Claimant] act like that before." N.T. at 6. Although Claimant explained he did not intend to terrorize his coworkers, both Plant Manager and

8

Assembler described the employees as shocked, scared, and visibly shaken by Claimant's outburst.

Further, and of particular import here, Plant Manager instructed Claimant to calm down and go home at three separate times on the day in question. Yet, Claimant refused each directive. This alone may constitute willful misconduct. See Sease v. Unemployment Comp. Bd. of Review (Pa. Cmwlth., No. 1200 C.D. 2017, filed April 10, 2018), 2018 WL 1722662 (unreported)[6] (holding that a claimant's refusal to follow a manager's clear and simple instruction to leave the premises constitutes willful misconduct).

The record shows Claimant clearly violated Plant Manager's directive and Employer's rules concerning behavior by acting in an insubordinate, belligerent, and threatening manner to Plant Manager and other employees. Plant Manager afforded Claimant multiple chances to preserve his employment by leaving, but Claimant failed to comply. F.F. Nos. 10, 12, 15. Therefore, we hold Claimant's actions rose to the level of willful misconduct under Section 402(e) of the UC Law, for which Claimant did not show good cause.

Accordingly, we affirm the Board's order.

_____
ROBERT SIMPSON, Judge

---

[6] This case is cited for its persuasive value in accordance with Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shawn P. Ealy,                                    :
                 Petitioner       :
                                             :
            v.                                   :   No. 203 C.D. 2019
                                             :
Unemployment Compensation      :
Board of Review,                               :
                 Respondent     :

## O R D E R

       **AND NOW**, this 20th day of August 2019, the order of the Unemployment Compensation Board of Review is **AFFIRMED**.


                                _____
                                ROBERT SIMPSON, Judge