IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Nancy Tagland, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1356 C.D. 2022 |
| | : | Submitted: November 6, 2023 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| | : | |
| Respondent | : | |

BEFORE: HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED: December 6, 2023

Petitioner Nancy Tagland (Claimant), proceeding *pro se*, petitions for review of the order of the Unemployment Compensation Board of Review (Board) affirming a referee's determination that Claimant is ineligible for unemployment compensation (UC) benefits under Section 404(d)(1) of the Unemployment Compensation Law (Law)[1] based on the amount of severance she received. Claimant contends that the Board erred in concluding that she was not eligible for UC benefits. Upon review, we affirm.

Claimant worked full time for Cigna Health and Life Insurance Company (Employer) until her last day of work on December 11, 2020. After her

_____

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §804(d)(1).

separation from employment, Claimant applied for UC benefits, which a local service center denied.  Claimant appealed, and a referee held a hearing.

Claimant appeared for the referee's hearing, without counsel, to present testimony and evidence on her appeal.  Certified Record (C.R.) at 74.  Employer did not appear, despite attempts made by the referee to contact Employer.  *Id*.  Claimant testified that she received severance from Employer in the amount of $204,354.80 upon her separation from employment.  *Id*. at 80.  Based on this severance, the referee determined Claimant was ineligible for UC benefits under Section 404(d)(1) of the Law.

Claimant appealed to the Board.  The Board adopted the referee's findings as its own.  The Board found that Claimant regularly worked eight hours per day, five days a week and earned $49.12 per hour.  Claimant filed an application for benefits effective December 13, 2020, establishing a weekly benefit rate of $572 and a partial benefit credit of $172.  Claimant received severance benefits in the amount of $204,354.80.  The three-year average statewide annual wage in Pennsylvania applicable to applications beginning in 2020 is $54,686.20.  Board Op., 8/3/22, at 1 (adopting Referee's Op., 3/16/22, Findings of Fact (F.F.) Nos. 2-5).  The Board determined that Claimant's severance rendered her ineligible for UC benefits under Section 404(d)(1) of the Law because the amount she received exceeded the statewide annual wage in Pennsylvania. Thus, the Board affirmed the referee's determination of ineligibility.  Claimant's petition for review to this Court followed.[2]

---

[2] Our review is limited to determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated.  2 Pa. C.S. §704; *Johns v. Unemployment Compensation Board of Review*, 87 A.3d 1006 (Pa. Cmwlth. 2014).

Claimant asks whether she was denied UC benefits because she signed a "Release of Claims and Settlement Agreement" in which she agreed not to sue Employer based on her status in a protected class (age 65 at the time of her separation from employment). On this basis, she maintains that she is entitled to UC benefits.[3]

Claimant waived this issue on multiple grounds. Initially, Claimant waived the issue by failing to raise it before the referee. *See Schaal v. Unemployment Compensation Board of Review*, 870 A.2d 952, 954-55 (Pa. Cmwlth. 2005) ("A claimant waives review of an issue by failing to raise it before the referee when [s]he had an opportunity to do so."). Claimant offered no testimony or argument regarding any such agreement during the referee hearing. *See* C.R. at 71-98. She did not offer the document as an exhibit. *See id.* In addition, Claimant waived the issue by failing to raise it in her appeal to the Board. *See* C.R. at 113; *see also Lewis v. Unemployment Compensation Board of Review*, 42 A.3d 375, 379 n.8 (Pa. Cmwlth. 2012) (holding that the claimant waived issues because they were not raised in the appeal to the Board). Even if Claimant had raised the issue, the issue is waived for the additional reason that Claimant has not developed any argument in her brief or offered any explanation as to how the alleged agreement is relevant to the severance deduction from her UC benefits. *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."); *Berner v. Montour Township*, 120 A.3d 433, 437 n.6 (Pa. Cmwlth. 2015) (ruling that a party's failure to sufficiently develop an issue in a brief constitutes waiver of the issue).

---

[3] We note that Claimant failed to challenge any specific findings of fact made by the Board. Therefore, the Board's findings are conclusive on appeal. *Campbell v. Unemployment Compensation Board of Review*, 694 A.2d 1167, 1169 (Pa. Cmwlth. 1997).

Nevertheless, mindful of Claimant's *pro se* status, we offer a brief explanation as to why she is ineligible for UC benefits. Section 404(d)(1)(iii) of the Law provides that a deduction shall be made from a claimant's weekly benefit rate for certain types of payments, including "the amount of severance pay that is attributed to the week." 43 P.S. §804(d)(1). Section 404(d)(1.1)(i) of the Law defines "severance pay" as

> one or more payments made by an employer to an employe on account of separation from the service of the employer, regardless of whether the employer is legally bound by contract, statute or otherwise to make such payments. The term does not include payments for pension, retirement or accrued leave or payments of supplemental unemployment benefits.

43 P.S. §804(d)(1.1)(i). Section 404(d)(1.1)(ii) and (iii) of the Law provide the calculation formula:

> (ii) The amount of severance pay attributed pursuant to subclause (iii) shall be an amount not less than zero (0) determined by *subtracting forty per centum (40%) of the average annual wage as calculated under subsection (e) as of June 30 immediately preceding the calendar year in which the claimant's benefit year begins from the total amount of severance pay paid or payable to the claimant by the employer*.
>
> (iii) Severance pay is attributed as follows:
>
>     (A) Severance pay is *attributed to the day, days, week or weeks immediately following the employe's separation*.
>
>     (B) The number of days or weeks to which severance pay is attributed is determined by *dividing the total amount of severance pay by the regular full-time daily or weekly wage of the claimant*.

4

(C) The amount of severance pay attributed to each day or week equals the *regular full-time daily or weekly wage of the claimant*.

(D) When the attribution of severance pay is made on the basis of the number of days, the pay shall be attributed to the customary working days in the calendar week.

43 P.S. §804(d)(1.1)(ii)-(iii)(A)-(D) (emphasis added).

Here, Claimant received $204,354.80 in severance. F.F. No. 4. The statewide average annual wage for Pennsylvania is $54,686.20, 40% of which is $21,878. *See* F.F. No. 5. Subtracting $21,878 (40%) from $204,354.80 (severance) equals $182,477 under 43 P.S. §804(d)(1.1)(ii). Next, we calculate Claimant's weekly wage. Claimant regularly worked eight hours per day, five days a week and earned $49.12 per hour, which equals a $1,965 weekly wage. *See* F.F. No. 2; C.R. at 81. By dividing the amount of severance pay ($182,477) by the regular full-time daily or weekly wage of the claimant ($1,965), equals 92.86, which is the number of weeks to which severance pay is attributable under 43 P.S. §804(d)(1.1)(iii)(B).

Because Claimant's severance is attributable over 92.86 weeks, Claimant's weekly benefit rate is reduced to $0 for those weeks. As a result, Claimant is not eligible for UC benefits for her entire benefit year. Thus, the Board did not err in concluding that Claimant was ineligible for UC benefits under Section 404(d)(1) of the Law.

Accordingly, we affirm the Board's order.

_____
MICHAEL H. WOJCIK, Judge

5

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nancy Tagland,           :
:
          Petitioner  :
:
         v.           : No. 1356 C.D. 2022
:
Unemployment Compensation  :
Board of Review,         :
:
        Respondent :

# O R D E R

AND NOW, this 6th day of December, 2023, the order of the Unemployment Compensation Board of Review, dated August 3, 2022, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge