IN THE COMMONWEALTH COURT OF PENNSYLVANIA

RIO Supply, Inc. of PA,                          :
                   Petitioner       :
                                             :       No.  1939 C.D. 2014
                 v.                          :
                                             :       Submitted:  June 26, 2015
Unemployment Compensation            :
Board of Review,                                 :
                   Respondent       :


BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
                  HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE PATRICIA A. McCULLOUGH, Judge


OPINION BY
JUDGE McCULLOUGH                          FILED:  September 18, 2015


RIO Supply, Inc. of PA (Employer) petitions for review of the September 30, 2014 order of the Unemployment Compensation Board of Review (Board) which reversed a referee's determination and held that Jonathan Boston (Claimant) was not ineligible for benefits pursuant to section 402(b) of the Unemployment Compensation Law (Law).[1]

Claimant worked for Employer from December 5, 2007, until his last day of work on May 7, 2014.  Claimant had been employed as a warehouse manager, at a salary of $30.00 per hour, plus health benefits and travel compensation.  In early May 2014, a driver who worked for Employer decided to resign, and during an exit

_____

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b).  Section 402(b) of the Law provides that a claimant is ineligible for benefits for any week "in which [his] unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . ." *Id.*

interview, the driver informed Employer that Claimant had told him he should resign. Employer subsequently demoted Claimant from warehouse manager to driver, thereby reducing his salary to $18.00 per hour and eliminating his health benefits and travel compensation. Following his demotion, Claimant worked for Employer for approximately two weeks. On May 12, 2014, Claimant formally resigned due to the substantial change in his salary and benefits. (Board's Findings of Fact Nos. 1-8.)

Claimant applied for benefits with the local service center, which concluded that Claimant was ineligible for benefits under section 402(b) of the Law. Claimant appealed and a referee held a hearing on July 10, 2014. Claimant testified that when he began his employment, Employer provided him a company car, medical benefits, and reimbursement of all travel expenses. However, Claimant stated that Employer later eliminated the medical benefits and replaced the company car with a car allowance that was taxable to Claimant. Claimant testified that Employer subsequently eliminated the car allowance and reimbursement for travel expenses. Claimant also stated that the elimination of these benefits was not based upon any disciplinary reason. Claimant described his demotion and 40% reduction in salary as the final element in his decision to resign.

Joseph Overbeck, Employer's president, testified that Claimant had worked for approximately two weeks as a driver and that he and Claimant had no discussions before Claimant resigned. Overbeck stated that Claimant's demotion was premised upon the statements of a resigning driver during an exit interview that Claimant encouraged the driver to leave because "it wasn't a good place to work." (Reproduced Record (R.R.) at 23a.) Overbeck noted that, following this exit interview, he suspended Claimant for two days before demoting him to the driver

position. Overbeck reiterated that he and Claimant had no discussions after the demotion.

On cross-examination, Overbeck acknowledged that he advised Claimant to stop fighting or disagreeing with him unless he wanted to work someplace else and that Claimant could be replaced. Overbeck identified an undated memo he sent to Claimant advising Claimant of the reasons for his demotion, including Claimant's unilateral moving of his office into Employer's warehouse and Claimant's repeated statements that Employer was "not a great place to work." (Original Record, Service Center Exhibit 7.)

The referee ultimately affirmed the decision of the local service center that Claimant was ineligible for benefits under section 402(b) of the Law. The referee explained that Claimant was demoted and never discussed his dissatisfaction with Employer prior to resigning. Thus, the referee concluded that Claimant failed to act in good faith in this case.

Claimant appealed to the Board, which reversed the referee's decision. Citing *Allegheny Valley School v. Unemployment Compensation Board of Review*, 697 A.2d 243, 248 (Pa. 1997), the Board explained that "the logical focus for determining whether necessitous and compelling reasons exist for a claimant to voluntarily terminate his employment after receiving a demotion is the justification for the demotion" and that "a claimant does not have necessary and compelling reasons to voluntarily terminate his employment if the demotion was justified because the change in job duties and remuneration was the result of the claimant's fault."

The Board concluded that Employer failed to present competent evidence to establish that Claimant's demotion was his own fault. The Board noted

3

that Employer attempted to justify its demotion of Claimant based upon the uncorroborated, hearsay testimony of an employee who was resigning. Relying on *Brunswick Hotel & Conference Center, LLC v. Unemployment Compensation Board of Review*, 906 A.2d 657 (Pa. Cmwlth. 2006), the Board further concluded that the reduction in Claimant's salary and the elimination of his health benefits and travel expenses constituted necessitous and compelling reasons to quit his employment. Finally, the Board stated that any reasonable efforts by Claimant to preserve his employment would have been futile.

On appeal to this Court,[2] Employer argues that the Board erred in concluding that Claimant was not ineligible for benefits under section 402(b) of the Law. More specifically, Employer argues that the Board impermissibly shifted the burden of proof to Employer to present competent evidence that Claimant's demotion was his own fault. We disagree.

The mere fact that a claimant voluntarily terminates his employment does not alone act as an absolute bar to receiving unemployment compensation benefits. *Allegheny Valley School*, 697 A.2d at 246. In order to be entitled to unemployment benefits, an employee who voluntarily terminates his employment bears the burden of proving that he had cause of a necessitous and compelling nature.[3] *Wert v. Unemployment Compensation Board of Review*, 41 A.3d 937, 940

---

[2] Our scope of review is limited to determining whether constitutional rights have been violated, whether errors of law were committed, or whether findings of fact are supported by substantial evidence. *Shrum v. Unemployment Compensation Board of Review*, 690 A.2d 796, 799 n.3 (Pa. Cmwlth. 1997).

[3] Whether a claimant has necessitous and compelling cause to quit is a question of law subject to appellate review. *Taylor v. Unemployment Compensation Board of Review*, 378 A.2d 829, 832 (Pa. 1977).

4

(Pa. Cmwlth. 2012). Generally, necessitous and compelling cause exists when there is real and substantial pressure to terminate one's employment that would compel a reasonable person to do so under similar circumstances, *Wert*, and a claimant must show that he acted with ordinary common sense in quitting, made a reasonable effort to preserve his employment, and had no real choice but to leave his employment. *Cowls v. Unemployment Compensation Board of Review*, 427 A.2d 722, 723 (Pa. Cmwlth. 1981).

However, our Supreme Court made clear in *Allegheny Valley School* that a determination of necessitous and compelling cause in the case of a voluntary termination after a demotion does not consider the general factors set forth above but focuses solely on the justification for the demotion. In *Allegheny Valley School*, the claimant was demoted from an assistant manager position and was offered employment either as a manager's aide or as a developmental care specialist, both of which included significant salary reductions. The claimant in that case refused these options, voluntarily terminated his employment, and sought unemployment compensation benefits. The local service center found that the claimant had necessitous and compelling reasons for voluntarily terminating his employment and, hence, was not ineligible for benefits under section 402(b). The employer appealed and a hearing was held before a referee.

At this hearing, the employer presented testimony from the claimant's supervisors, all of whom discussed the claimant's poor work performance and inability to perform the responsibilities of his position. The referee found that the claimant was demoted because of poor job performance but nevertheless concluded that the demotion and resulting wage reduction created a necessary and compelling

5

reason for the claimant to quit. The Board affirmed, as did this Court, noting that the claimant made a good faith effort to work to the best of his abilities.

However, our Supreme Court reversed, concluding that the claimant's demotion was justified because of his poor work performance. The court further concluded that because the demotion was justified, the claimant did not have necessitous and compelling reasons to quit.

In light of this precedent, it is clear that a demotion premised on an employee's inability to perform his job responsibilities is justified and does not constitute a necessitous and compelling reason to quit. *Id.* Conversely, a claimant will have necessitous and compelling reasons to voluntarily terminate employment if the demotion was unjustified. *Id.*

This Court later applied the reasoning of *Allegheny Valley School* in *Diversified Care Management, LLC v. Unemployment Compensation Board of Review*, 885 A.2d 130 (Pa. Cmwlth. 2005), *appeal denied*, 907 A.2d 1104 (Pa. 2006). In that case, the claimant had been assigned to work for one of the employer's clients, the Allegheny County Department of Human Services. While at work, the claimant made several telephone calls on the County's telephones following her son's arrest and the impounding of her car. Although there was no specific policy regarding the use of the County's telephones, the employer felt that the claimant's use of the County's telephones showed a lack of good judgment and it decided to demote the claimant. The claimant refused to accept the demotion, voluntarily terminated her employment, and sought unemployment compensation benefits. The opinion does not address the determination of the local service center. However, the referee concluded that the claimant had necessitous and compelling reasons to quit and, hence, she was not ineligible for benefits under section 402(b).

6

The Board affirmed, noting the lack of any specific policy regarding the use of the County's telephones and concluding that the employer was not justified in demoting the claimant. On further appeal, this Court affirmed the Board's decision, similarly relying on the employer's lack of evidence regarding any telephone policy and the claimant's unjustified demotion. We specifically rejected Employer's argument that the Board erred in failing to "subject the issue of [c]laimant's demotion to a substantial change analysis . . . ." *Id.* at 132. Citing our Supreme Court's holding in *Allegheny Valley School*, we concluded that such an analysis was "contrary to the established case law" and "not relevant." *Id.* at 134. We stressed that the inquiry in these types of cases focuses solely on whether the demotion was justified.

Applying the law to this case, we agree with Employer that a claimant bears the burden to demonstrate that his voluntary termination of employment was based upon a necessitous and compelling reason. *Wise v. Unemployment Compensation Board of Review*, 111 A.3d 1256, 1264 (Pa. Cmwlth. 2015). The Board specifically referenced this burden in its opinion. However, as the Board also noted, a claimant meets this burden in demotion cases by establishing that the demotion was not justified. *Allegheny Valley School*.

In the present case, Claimant testified that there was no reason, including any disciplinary reason, for his demotion. Employer sought to rebut Claimant's testimony by offering Overbeck's testimony that Claimant's demotion was premised on a conversation with a driver who was resigning. In fact, as the Board noted, this testimony represented the only evidence submitted by Employer relating to Claimant's demotion. However, Employer failed to present this driver as a witness or otherwise attempt to corroborate this statement by a third party. As a result, the

7

Board characterized this testimony as hearsay. The law is well settled that hearsay evidence, admitted without objection, will be given its natural probative effect and may support a finding of the Board, if it is corroborated by any competent evidence in the record. *Stugart v. Unemployment Compensation Board of Review*, 85 A.3d 606, 608 (Pa. Cmwlth. 2014) (*citing Walker v. Unemployment Compensation Board of Review*, 367 A.2d 366, 370 (Pa. Cmwlth. 1976)). However, a finding of fact based solely upon hearsay will not stand. *Borough of Grove City v. Unemployment Compensation Board of Review*, 928 A.2d 371, 374 (Pa. Cmwlth. 2007).

The Board's statement that Employer "did not present any competent evidence to establish that the claimant's demotion was his own fault"[4] merely referenced Employer's failure to rebut Claimant's testimony that his demotion was not justified. Contrary to Employer's assertion, the Board did not impermissibly shift the burden of proof to Employer. Because the Board determined that Claimant's demotion was not justified, the Board properly held that Claimant had a necessitous and compelling reason to quit.

Accordingly, the order of the Board is affirmed.[5]

_____
PATRICIA A. McCULLOUGH, Judge

---

[4] Board's decision at 2.

[5] Employer also argues that the Board erred insofar as it relied on the factors set forth in *Brunswick Hotel & Conference Center, LLC*, to conclude that Claimant's reduction in pay and benefits constituted necessitous and compelling reasons to quit. We agree with Employer in this regard. As noted above, a determination of necessitous and compelling cause in the case of a voluntary termination after a demotion focuses solely on the justification for the demotion and does not consider the traditional factors as set forth in *Brunswick Hotel & Conference Center, LLC*. *See Allegheny Valley School*.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

RIO Supply, Inc. of PA,         :
                Petitioner    :
                             :   No.  1939 C.D. 2014
         v.             :
                             :
Unemployment Compensation  :
Board of Review,           :
                Respondent  :

## ***ORDER***

AND NOW, this 18th day of September, 2015, the order of the Unemployment Compensation Board of Review, dated September 30, 2014, is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge